UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRANCE STECKMAN, )<br> )<br> Plaintiff, )<br> )<br>v. ) Case No. 1:18-cv-01183-LSA-TAB<br> )<br>JOSEPH KOCHUGA and )<br>CONTINENTAL WESTERN )<br>INSURANCE COMPANY, )<br> )<br> Defendants. | |

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant, CONTINENTAL WESTERN INSURANCE COMPANY, by counsel, Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Amended Complaint for Damages, states as follows:

1. At the time of the collision, the Plaintiff was a resident of the City of Zionsville, County of Boone, State of Indiana. At the present time, the Plaintiff is a resident of the City of Indianapolis, County of Marion, State of Indiana.

**ANSWER:** Defendant admits the allegations contained in Paragraph 1 of the Amended Complaint.

2. At all times mentioned herein, the Defendant Joseph Kochuga was a resident of the City of Gloucester, County of Gloucester, State of Virginia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. At all times mentioned herein, the defendant Continental Western Insurance Company was an insurance company licensed to do and conducting business in the State of Indiana.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. At all times mentioned herein, there was, and is now a public thoroughfare known as State Road 37, which generally runs in northerly and southerly direction.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of the Amended Complaint.

## COUNT I

### Negligence of the defendant - Joseph Kochuga

5. The Plaintiff incorporates by reference paragraphs one (1) through four (4) of this Complaint into Count I as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its answers to paragraphs 1-4 of the Amended Complaint as if fully stated herein.

6. On or about September 1, 2015, the Plaintiff was stopped in traffic on SR 37 near Edgewood Avenue in Marion County, when he was hit from behind by Defendant causing a collision between the vehicles.

**ANSWER:** Defendant has insufficient knowledge of the allegations contained in Paragraph 6 of the Amended Complaint upon which to base an admission or denial thereof and therefore denies the same and demands strict proof thereof.

7. The aforementioned collision was directly and proximately caused by the carelessness and negligence of the Defendant.

**ANSWER:** Defendant has insufficient knowledge of the allegations contained in Paragraph 7 of the Amended Complaint upon which to base an admission or denial thereof and therefore denies the same and demands strict proof thereof.

8. As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff has been damaged.

**ANSWER:** Defendant has insufficient knowledge of the allegations contained in Paragraph 8 of the Amended Complaint upon which to base an admission or denial thereof and therefore denies the same and demands strict proof thereof.

301812104v1 1007802

## COUNT II

### Underinsured Claim- Continental Western Insurances Company

9. The Plaintiff hereby incorporates by reference paragraphs one (1) through eight (8) of this Complaint into Count II as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its answers to paragraphs 1-8 of the Amended Complaint as if fully stated herein.

10. At all times mentioned herein, the defendant, Joseph Kochuga, may have been operating his vehicle as an underinsured motorist.

**ANSWER:** Defendant has insufficient knowledge of the allegations contained in Paragraph 10 of the Amended Complaint upon which to base an admission or denial thereof and therefore denies the same and demands strict proof thereof.

11. At the time of the collision described herein Plaintiff was insured through Defendant Continental Western Insurance Company, policy number GO 3028261-23 ("Policy"). A copy of Declarations Page is attached hereto as Exhibit 2.

**ANSWER:** Defendant admits that policy number GO 3028261-23 was issued to "Indy's All Auto" as the named insured. As to the remaining allegations, Defendant has insufficient knowledge of the allegations contained in Paragraph 10 of the Amended Complaint upon which to base an admission or denial thereof and therefore denies the same and demands strict proof thereof.

12. At the time of the collision described herein, Plaintiff was insured under the terms of the Policy.

**ANSWER:** Defendant has insufficient knowledge of the allegations contained in Paragraph 12 of the Amended Complaint upon which to base an admission or denial thereof and therefore denies the same and demands strict proof thereof.

13. At the time of the collision described herein, the Policy provided underinsured motorist coverage for the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

3

14. At the time of the collision described herein, Defendant Kochuga was the driver of an underinsured motor vehicle as defined under the Policy.

**ANSWER:** Defendant has insufficient knowledge of the allegations contained in Paragraph 14 of the Amended Complaint upon which to base an admission or denial thereof and therefore denies the same and demands strict proof thereof.

15. Plaintiff is making a claim pursuant to the terms of the Policy.

**ANSWER:** Plaintiff's Amended Complaint speaks for itself.

16. Under the Policy, Defendant Continental Western Insurance Company is obligated to pay the Plaintiff underinsured motor benefits for damages which were proximately caused by the collision described herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Plaintiff has fully complied with all terms and conditions contained in the policy.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

WHEREFORE, the Defendant, CONTINENTAL WESTERN INSURANCE COMPANY, denies that the Plaintiff is entitled to judgment against it in any amount whatsoever and prays for judgment in its favor with costs assessed against the Plaintiff.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ Joseph D. Ackerman
Scott B. Cockrum (20840-45)
E-mail Address: scockrum@hinshawlaw.com

301812104v1 1007802

Joseph D. Ackerman (30276-71)
E-mail Address: jackerman@hinshawlaw.com
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
Phone No.: 219-864-5051
Fax No. 219-864-5052

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, CONTIENTAL WESTERN INSURANCE COMPANY, by counsel, and for its Affirmative Defenses, states as follows:

### FIRST AFFIRMATIVE DEFENSE

As to any legal or rhetorical paragraph asserted against Defendant, directly or by inference, not heretofore specifically admitted or denied, the same are hereby denied.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred because any recovery by Plaintiff would result in unjust enrichment and coverage for which no premium was paid.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the terms, provisions, exclusions, conditions and limitations of the policy.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the following additional affirmative defenses: waiver, laches, estoppel, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff has failed to satisfy conditions precedent to coverage.

301812104v1 1007802

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant herein is entitled to a credit or setoff of all sums paid to Plaintiff or on his behalf, or by any third party to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant herein is entitled to the benefit of the payment by all collateral sources of any sums of money to Plaintiff arising out of the incident described in Plaintiff's Amended Complaint.

**NINTH AFFIRMATIVE DEFENSE**

The damages claimed by the Plaintiff were caused in full or in part by non-parties, and other persons, and/or entities whose identities are unknown at this time.

**TENTH AFFIRMATIVE DEFENSE**

Defendant hereby reserves the right to add additional affirmative defenses as they become known through the process of discovery or otherwise.

WHEREFORE, the Defendant, CONTINENTAL WESTERN INSURANCE COMPANY, denies that the Plaintiff is entitled to judgment against it in any amount whatsoever and prays for judgment in its favor with costs assessed against the Plaintiff.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ Joseph D. Ackerman
    Scott B. Cockrum (20840-45)
    E-mail Address: scockrum@hinshawlaw.com
    Joseph D. Ackerman (30276-71)
    E-mail Address: jackerman@hinshawlaw.com

301812104v1 1007802

                                                  322 Indianapolis Blvd., Suite 201
                                                  Schererville, IN 46375
                                                  Phone No.: 219-864-5051
                                                  Fax No. 219-864-5052

## CERTIFICATE OF SERVICE

I certify that on the 16th day of May 2018, a copy of the foregoing ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES was filed electronically. Notice of this filing will be sent to all Counsel of Record via the Court's electronic filing system.

HINSHAW & CULBERTSON LLP

By:  /s/ Joseph D. Ackerman
     Joseph D. Ackerman

Katherine G. Karres
HENSLEY LEGAL GROUP, PC
kkarres@hensleylegal.com,amotz@hensleylegal.com,katiekarres@yahoo.com

Joshua J. Rauch
MANDEL HORN, P.C.
jrauch@mhmrlaw.com,rauchjj@gmail.com

301812104v1 1007802